**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAN GYEONG HONG,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 12-72068<br><br>Agency No. A088-892-215<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Ran Gyeong Hong, a native and citizen of South Korea, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

Hong does not raise any challenge to the agency's dispositive finding that her asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny her petition as to her asylum claim.

Substantial evidence supports the BIA's finding that, even if Hong suffered past persecution on account of a protected ground, her presumption of future persecution was rebutted by a fundamental change in circumstances. *See* 8 C.F.R. § 1208.16(b)(1)(i)(A); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003) (substantial evidence supported finding that presumption of future persecution was rebutted). Further, substantial evidence supports the BIA's finding that Hong's fear of problems if she decides to take out a new loan from loan sharks is too speculative to meet her burden. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear was "too speculative" under circumstances of case). Accordingly, Hong's claim for withholding of removal fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Hong failed to establish it is more likely than not she would be tortured by

or with the acquiescence of the government if returned to South Korea. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**